**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MINELAB AMERICAS, INC., a Nevada corporation, | ) ) ) Case No.: 2:12-cv-00827-GMN-NJK |
| Plaintiff, | ) ) |
| vs. | ) **ORDER** ) |
| UKR TRADE, INC., a New Jersey corporation *d/b/a* All Detectors.com; EVGENIY TULINOVSKY, an individual; SERGIY PAVLENKO, ALEKSANDR SHOLOMINSKYY, a/k/a Oleksander Sholominskyy, an individual; DOES I-X; AND ROE ENTITIES I-X, inclusive, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Pending before the Court is the Motion to Dismiss for Lack of Jurisdiction (ECF No. 12) filed by Defendants Sergiy Pavlenko ("Pavlenko") and UKR Trade, Inc. ("UKR") (collectively, "Moving Defendants"). Defendants also filed an Affidavit in Support of their Motion to Dismiss. (ECF No. 13.) Plaintiff Minelab Americas, Inc. ("Plaintiff") filed a Response (ECF No. 16) and Defendants filed a Reply (ECF No. 17).

**I.    BACKGROUND**

This case arises from the display of Plaintiff's trademarks on the website <www.alldetectors.com>. Plaintiff Minelab Americas, Inc. ("Plaintiff") "owns numerous trademark registrations" that relate to Plaintiff's metal detection equipment. (Compl. ¶ 7, ECF No. 1.) As a result of the alleged unauthorized display of Plaintiff's marks, Plaintiff filed the instant lawsuit alleging six causes of action: (1) Infringement of Federally Registered Trademarks, 15 U.S.C. § 1114(1); (2) Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125(a); (3) Intentional Interference with Contractual Relations; (4) Intentional Interference

with Prospective Economic Advantage; (5) Civil Conspiracy; and (6) Alter Ego. (*Id.* ¶¶ 18-58.)

Defendants in this action consist of UKR Trade, Inc., a New Jersey corporation that allegedly owns and/or operates the <www.alldetectors.com>, and three individuals that are "shareholder[s], director[s], and/or officer[s] of UKR." (*Id.* ¶¶ 10-12.)  In response to Plaintiff's Complaint, Defendants UKR Trade, Inc. and Sergiy Pavlenko ("Moving Defendants") filed the instant Motion to Dismiss for Lack of Personal Jurisdiction. (ECF No. 12.)  In their motion, and the affidavit in support, the Moving Defendants first state that they are neither affiliated with the <alldetectors.com> website, nor are they affiliated with the other two individual defendants in this action. (Aff. in Supp. of Mot. to Dismiss ¶¶ 2-3, 12, ECF No. 13.)  Specifically, the Moving Defendants state that Moving Defendant Pavlenko is an officer of UKR Trade, Inc. (*Id.* ¶ 2.)  Furthermore, UKR Trade, Inc. has no association with the <www.alldetectors.com> website, but instead is primarily involved with international buying and shipping transactions through the website <www.ukrtradeinc.com>. (*Id.* ¶¶ 5, 12.)  Additionally, the Moving Defendants state in their affidavit that the other two defendants, Tulinovsky and Sholominskyy, are not affiliated with UKR Trade (*Id.* ¶¶ 2-3.)

The Moving Defendants also argue that they lack the requisite minimum contacts with the state of Nevada to confer personal jurisdiction.  Specifically, the Moving Defendants deny any business-related communications or connections to the State of Nevada thus exempting them from any personal jurisdiction in this state. (*Id.* ¶¶ 13-16.)

Plaintiff filed an Opposition to the Motion to Dismiss for Lack of Jurisdiction on July 11, 2012. (ECF No. 16) In its opposition, Plaintiff argues that jurisdiction is appropriate based on the alleged connection between the Moving Defendants and the <www.alldetectors.com> website and the alleged activity between the Moving Defendants and Nevada state residents through that website. (*Id.*)  In the alternative, Plaintiff contends the Court should grant leave to conduct jurisdictional discovery. (*Id.* at 11:1-5.)  The Moving Defendants responded by filing

their Reply to Plaintiff's Opposition on July 20, 2012. (ECF No. 17.)

## II. **LEGAL STANDARD**

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  Once a defendant raises the defense, the burden then falls on the plaintiff to prove sufficient facts to establish that jurisdiction is proper. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  A plaintiff can carry this burden only by presenting sufficient evidence to establish that (1) personal jurisdiction is proper under the laws of the state where it is asserted; and (2) the exercise of jurisdiction does not violate the defendant's right to due process secured by the United States Constitution. *Ziegler v. Indian River Country,* 64 F.3d 470, 473 (9th Cir.1995); *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994).  Because Nevada's long-arm statute is co-extensive with the limits of due-process, the inquiry into the propriety of personal jurisdiction under Nevada law and the inquiry into the limits of due process collapse into a single inquiry. Nev. Rev. Stat. 14.065(1) ("A court of this state may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States").

Courts may only exercise personal jurisdiction, consistent with the Constitution, over those defendants that have "certain minimum contacts with [the state] such that the maintenance of a suit does not offend 'traditional notions of fair play and substantial justice.'" *Core-Vent Corp. v. Nobel Indus.,* 11 F.3d 1482, 1485 (9th Cir.1993) (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).  A defendant can be subject to general personal jurisdiction or specific personal jurisdiction in a given state. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-415 (1984).

In this case, Plaintiff Minelab does not argue that the Moving Defendants' contacts with the state of Nevada meet the requirements of general personal jurisdiction.  Therefore, the

Court determines only whether the Moving Defendants' are subject to specific personal jurisdiction.

### III. DISCUSSION

Under specific personal jurisdiction, a court may, consistent with due process, exercise jurisdiction over a defendant "if the case arises out of certain forum-related contacts." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 413-415 (1984)). "This 'specific' jurisdiction exists only if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." *Id.* (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 416 (9th Cir. 1997). Because the Court determines that Plaintiff's allegations are insufficient to establish the first prong of this inquiry, the Court need not discuss the other two prongs. Thus, for the reasons discussed below, the Court concludes that Plaintiff has failed to carry its burden in establishing the propriety of exercising specific personal jurisdiction over Defendants. However, the Court also concludes that, through jurisdictional discovery, Plaintiff may obtain facts sufficient to support the exercise of personal jurisdiction in Nevada. Accordingly, the Moving Defendants' Motion is DENIED with leave to re-file upon the closing of the sixty (60) day jurisdiction discovery period.

### A. Transactions consummated with residents of Nevada or activity purposefully directed toward the state of Nevada.

The Ninth Circuit often refers to the first prong of the specific personal jurisdiction inquiry as the "purposeful availment" prong, which includes "purposeful availment and purposeful direction." *Yahoo! Inc. v. La Ligue Contre Le Racisme*, 433 F.3d 1199, 1205-06 (9th Cir. 2006). "The purposeful availment requirement ensures that a nonresident defendant will

not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)).  A plaintiff satisfies this prong by alleging facts from which the Court can conclude that the nonresident defendant "has taken deliberate action toward the forum state" or that the nonresident defendant's "efforts are purposefully directed toward forum residents." *Panavision*, 141 F.3d at 1320 (citation omitted).

### 1. *Purposeful Availment*

When, as here, the alleged contacts between the party contesting personal jurisdiction and the forum state take place through a website, solely creating a website that is capable of being accessed by the residents of the forum state is insufficient to justify the exercise of personal jurisdiction. *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 417-18 (9th Cir. 1997) (citations omitted) (holding that the creation of a general access website, without more, "is not an act purposefully directed toward the forum state").  When the subject website allows users to exchange information with the host computer, courts look to the "'level of interactivity and commercial nature of the exchange of information that occurs on the Web site' to determine if sufficient contacts exist to warrant the exercise of jurisdiction." *Cybersell*, 130 F.3d at 418 (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)). "The common thread . . . is that 'the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the internet.'" *Cybersell*, 130 F.3d at 419 (quoting *Zippo*, 952 F. Supp. at 1124).

In this case, the Moving Defendants first argue that they "do not operate or maintain the <www.alldetectors.com> website, as alleged by the Plaintiff; but only operate the website <www.ukrtradeinc.com> in Russian." (Mot. to Dismiss 6:19-21, ECF No. 12; Pavlenko Aff. 12, ECF No. 13.)  Plaintiff asserts that the Moving Defendants are in fact associated with the <www.alldetectors.com> website and, through the website, the Moving Defendants have

engaged in activities that constitute sufficient purposeful availment to confer personal jurisdiction in this forum. (Pl.'s Resp. 7:11-14, ECF No. 16.)  However, even assuming that the Moving Defendants are associated with the <www.alldetectors.com> website, as discussed below, the Court finds that Plaintiffs have failed to carry their burden of establishing that this website conducts sufficient activities with the forum state to confer personal jurisdiction in Nevada.

Plaintiff argues that "the ongoing torts arising from the content of the All Detectors.com Websites . . . constitute purposeful availment in Nevada." (Pl.'s Resp. 7:25-26.)  To support its argument, Plaintiff relies on the fact that "actual and potential customers throughout the United States, including those in Nevada" can interact with the website and purchase products therefrom. (*Id.* at 7:26-28.)  Specifically, Plaintiff alleges that "[c]ustomers in Nevada can place orders, pay in United States currency, receive shipments via the United States Postal Service, post on the forums, and . . . customers were directed to call Defendant UKR in order to purchase [Plaintiff's] products through the All Detectors.com Websites." (*Id.* at 7:28-8:4.)  However, Plaintiff fails to realize that much like merely introducing products into the stream of commerce, *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 112 (1987) (holding that the placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state), merely posting products for sale on a website, without more, is insufficient to support a finding that the non-resident defendant has purposefully availed itself of the privileges of conducting business in Nevada, *see Boschetto*, 539 F.3d at 1017-18 (noting that the mere fact that the ebay listing could have been viewed by anyone in California was insufficient to affect the jurisdictional outcome).  Likewise, such a website alone is insufficient to conclude that the nonresident defendants have purposefully directed its activities toward Nevada residents. *See id.*

/ / /

### 2. Purposefully Directed Conduct – "Effects" Test

Plaintiff also argues that in cases involving tortious conduct, the Ninth Circuit "typically inquire[s] whether a defendant 'purposefully direct[ed] his activities' at the forum state, applying an 'effects' test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum." *Yahoo! Inc.*, 433 F.3d at 1206 (9th Cir. 2006) (en banc) (citation omitted).  Under the "effects" test, Plaintiff must allege facts that the non-resident defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc.*, 433 F.3d at 1206; *Calder v. Jones*, 465 U.S. 783, 789 (1984).

Even assuming that Defendants have committed the requisite intentional act, Plaintiff has failed to provide an adequate factual basis from which the Court can determine that the alleged acts were "expressly aimed at the forum state."  The Ninth Circuit has articulated several factors for courts to consider when determining whether a nonresident defendant has directly targeted the forum state: (1) the level of "interactivity of the defendant's website"; (2) "the geographic scope of the defendant's commercial ambitions"; and (3) "whether the defendant individually targeted a plaintiff known to be a forum resident." *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218 (9th Cir. 2011).  For example, in *Mavrix Photo*, the Ninth Circuit held that the defendant's use of the plaintiff's copyrighted photos "as part of its exploitation of the [forum state's] market for its own commercial gain" justified the exercise of jurisdiction over the defendant. 647 F.3d at 1229.  In addition, the *Mavrix* court was also persuaded by the advertisements on the subject website that were targeted at the forum state's residents and the substantial number of "hits" that came from the forum state's residents. *Id.* at 1230.  From these facts, the Ninth Circuit concluded that defendant was aware of its users and customers in the forum state and "exploit[ed] that base for commercial gain . . .." *Id.*

In this case, Plaintiff has failed to provide the Court with evidence that the Moving

Defendants targeted Nevada through advertising or that the Moving Defendants had or were aware of any customer base in the state of Nevada. Accordingly, on this record, Plaintiff has failed to carry its burden of establishing that this Court can properly assert jurisdiction over the Moving Defendants.

## IV. PLAINTIFF'S REQUEST FOR JURISDICTIONAL DISCOVERY

Jurisdictional discovery "may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). In this case, the Court finds that discovery may unearth facts sufficient to support the exercise of personal jurisdiction over Defendants. Accordingly, the Court GRANTS Plaintiff's request for discovery. Jurisdictional discovery shall be open for a period of sixty (60) days from the date of entry of this Order for the purpose of determining jurisdictional facts related to Defendants' contacts with the subject forum. For this reason, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 12) is DENIED with leave to re-file upon the closing of jurisdictional discovery. Defendants shall file either a responsive pleading or a motion under Rule 12(b) within fourteen (14) days of the close of discovery.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that the request for jurisdictional discovery by Plaintiff Minelab Americas, Inc. is **GRANTED**. **Jurisdictional discovery shall be open for a period of sixty (60) days from the date of entry of this Order.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss for Lack of Jurisdiction (ECF No. 12) filed by Defendants Sergiy Pavlenko and UKR Trade, Inc. is **DENIED with leave to re-file**. The Moving Defendants shall file either a responsive pleading or a motion under Federal Rule of Civil Procedure 12(b) **within fourteen (14) days of the close of the jurisdictional discovery period**.

**IT IS FURTHER ORDERED** that the matter is hereby referred to the Magistrate Judge assigned to this case for the resolution of any requests for extensions of the sixty (60) day deadline and any other matters related to the jurisdictional discovery.

**DATED** this 28th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge